IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| **OWNERS INSURANCE COMPANY** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | CV 06-PT-599-M |
| | ) | |
| **WATERPROOF SOLUTIONS, LLC.;** | ) | |
| et al | ) | |
| | ) | |
| **Defendants** | ) | |

**MEMORANDUM OPINION**

This cause comes on to be heard upon defendant Waterproof Solutions, LLC's Motion to Dismiss plaintiff Owners Insurance Company's Complaint filed on May 4, 2006.

**FACTS AND PROCEDURAL HISTORY**

The plaintiff Owners Insurance Company ("Owners"), is a corporation incorporated and organized under the laws of the State of Michigan and has its principal place of business in the state of Michigan. The defendant Waterproof Solutions, LLC ("Waterproof"), is/was a limited liability company organized under the laws of the State of Alabama and has/had its principal place of business in Alabama.[1] The defendant Collins Home & Development, LLC ("Collins"), is a limited liability company organized under the laws of the State of Alabama and has its principal place of business in Alabama.

Owners issued a Commercial General Liability policy , No. 38583027-01, to Waterproof,

---

[1] A principal dispute in this matter is whether Waterproof Solutions, LLC still exists as some sort of organized entity. According to Waterproof, Waterproof dissolved on March 24, 2003. *See* Motion to Dismiss; Defendant's Exhibit A.

1

with effective dates of 11/17/02 to 11/17/03.[2] The policy contains a general aggregate limit of $1,000,000. This policy was cancelled effective 12/17/02.

On July 1, 2002, Collins filed a lawsuit in the Circuit Court of Marshall County, Alabama, against a customer, Sandra Coleman ("Coleman"). In the suit Collins alleged breach of a contract for the construction of custom-built home. On August 12, 2002, Coleman filed a counter-claim against Collins, alleging breach of contract, breach of warranties and mental anguish arising out of poor workmanship during the construction of her home. She further alleges that Collins' construction work incurred cost overruns of $350,000.

On March 18, 2004 Collins filed a Third-Party Complaint against various sub-contractors, including Waterproof. That complaint alleges that if Collins is found liable to Coleman, Waterproof is liable to Collins for any damages arising from Waterproof's own negligence, wantonness, breach of contract and breach of warranties. On April 5, 2004 Collins' Third-Party Complaint was served on Waterproof. On September 24, 2004 Collins filed a Motion for Default Judgment against Waterproof. On November 9, 2004 default was entered against Waterproof; on November 16, 2004 Judge Jolley of the Marshall County Circuit Court entered an Order granting default judgment.

According to Owners, it first received notice of Collins' Third-Party Complaint against Waterproof on February 22, 2005. Owners claims that, upon information and belief, the default judgment against Waterproof has been set aside by the Marshall County Circuit Court.

---

[2]There appears to be some confusion as to what the exact dates of coverage provided Waterproof by Owners are. For example, a letter from Waterproof's counsel to Owners' counsel dated October 28, 2005 alternately lists the dates of coverage as "11/17/02-11/17/03" and "11/17/00 to 11/17/01."

The policy at issue contains the following relevant provisions and exclusions:

**THE COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I - COVERAGES**

**1.     Insuring Agreement.**

     **b.**     This insurance applies to "bodily injury" and "property damage" only if:

          **1.**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

          **2.**     The "bodily injury" or "property damage" occurs during the policy period.

**2.     Exclusions.**

This insurance does not apply to:

     **a.**     "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

     **j.**     **Damage to Property**

     "Property Damage" to:

          (5)     That particular part of real property on which you or any contractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

          (6)     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

    **k.**    **Damage to Your Product**

        "Property Damage" to "your product" arising out of it or any part of it.

    **l.**    **Damage to Your Work**

        "Property Damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

**SECTION II - WHO IS AN INSURED**

1.    If you are designated in the Declaration as:

    **c.**    An organization other than a partnership or joint venture, you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

**SECTION V - DEFINITIONS**

3.    **"Bodily injury"** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any one time.

6.    **"Insured contract"** means:

    **a.**    A lease of premises ... ;

    **b.**    A sidetrack agreement;

    **c.**    Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

 **d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

 **e.** An elevator maintenance agreement;

 **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

An "insured contract" does not include that part of any contract or agreement:

 **a.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

 **b.** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

  1. Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

  2. Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage;

 **c.** Under which the insured, if an architect, engineer or surveyor, assumes

        liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in b. above and supervisory, inspection or engineering services.

9.    **"Occurrence"** means an accident including continuous or repeated exposure to substantially the same general harmful conditions.

12.    **"Property damage"** means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. all such loss shall be deemed to occur at the time of the "occurrence" that caused it.

14.    **"Your Product"** means:

    **a.**    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed by

        (1) you;

**"Your Product"** includes:

    (a)    Warranties and representations made at any time made with respect to the fitness, quality, durability, performance or use of "your product".

15.    **"Your Work"** means:

    **a.**    Work or operations performed by you or on your behalf;

**"Your Work"** includes:

    **a.**    Warranties and representations made at any time with respect to the

fitness, quality, durability, performance or use of "your work";

## SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

**2.     Duties In the Event of Occurrence, Claim or Suit.**

    **a.**     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        (1)     How, when and where the "occurrence" or offense took place;

        (2)     The names and addresses of any injured persons and witnesses; and

        (3)     The nature and location of any injury or damage arising out of the "occurrence" or offense.

    **b.**     If a claim is made or "suit" is brought against any insured, you must:

        (1)     Immediately record the specifics of the claim or "suit" and the date received; and

        (2)     Notify us as soon as practicable.

You must see to it that we receive written notice of the claim of "suit" as soon as practicable.

    **c.**     You and other involved insured must:

        (1)     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

        (2)     Authorize us to obtain records and other information;

        (3)     Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and

   (4)  Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

  **d.** No insured will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

Owners takes the position that they owe no coverage for the claims against Waterproof, because (1) the allegations fall under exclusions in the policy; (2) Waterproof failed to give timely notice as required by the policy; and (3) the alleged damages "sustained by the homeowner may have occurred and begun outside the coverage period for Owners' policy."

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) tests the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the court assumes that all factual allegations pled in the complaint are true. *United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991). All factual allegations are to be construed in the light most favorable to the claimant. *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 103 L. Ed. 2d 628 (1989). Dismissal under Rule 12(b)(6) is appropriate "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' of the complaint." *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279, 1282 (11th Cir. 2002) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## ARGUMENTS[3]

**I. Defendant Waterproof Solutions, LLC's Motion to Dismiss.**

According to Waterproof, it moves for a dismissal of all claims against it on the grounds that it does not exist, having been dissolved on March 24, 2003, prior to the initiation of the underlying lawsuit filed in the Circuit Court of Marshall County. Furthermore, Waterproof contends that Owners fails to state a claim because Waterproof does not exist and did not exist at the time Owners filed its Complaint. Finally, Waterproof contends that this court lacks jurisdiction in that "Civil Action No. CV 02-316-J, 'the underlying action,' is and has been pending in Marshall County for approximately four years and involves the same issues and parties except for Owners Insurance Company, the plaintiff herein, and insurer of Waterproof Solutions, LLC in the underlying suit."

**II.     Plaintiff Owners Insurance Company's Response.**

Owners claims that Waterproof's argument that it no longer exists is "somewhat surprising" because Waterproof has made a claim with Owners for coverage in the underlying case. According to Owners, in a letter dated October 28, 2005, Waterproof's counsel demanded a defense under the policy. Owners claims that Waterproof's counsel followed that letter on two occasions - November 27, 2005 and January 6th, 2006, respectively - and on the final occasion, threatened suit if Owners did not defend Waterproof.

Owners argues that Waterproof is now making an argument which contradicts its past statements to Owners. Owners takes the position that if Waterproof is seeking coverage in the

---

[3]This section summarizes the arguments made by the parties and does not necessarily reflect the conclusions reached by the court.

underlying suit, Owners is entitled to test that coverage in this Declaratory Judgment Action. According to Owners, if Waterproof is no longer seeking such coverage, Owners does not object to Waterproof's "withdrawing its claim and waiving coverage" under the policy.

Owners asserts that, though Waterproof argues that this court does not have jurisdiction over this declaratory judgment action because of the suit currently being held in the Circuit Court of Marshall County, this action concerns completely different issues. According to Owners, "[t]he underlying action...will not determine whether Owners owes defense or indemnity to Waterproof Solutions, LLC." Owners further claims that it fully set out its basis for this court's jurisdiction in its original complaint.

## CONCLUSIONS OF THE COURT

The motion will be denied. If Waterproof does not exist and does not claim coverage, that issue can be determined. If Waterproof has been dissolved, it may be that there may have to be service on stockholders or directors at the time of dissolution. The court does not address that issue. In any event, there are substantial issues for determination.

This 5th day of June, 2006.

_____
**ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE**